CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| River Richards, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:25-cv-00079 |
| ) | |
| Major Brian Parks, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner River Richards was a state inmate housed at Southwest Virginia Regional Jail when he filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Richards contended he was being held illegally because of errors in the calculation of his sentence. (Dkts. 1, 4.) He asked for compensation for the time he was illegally detained and for his release. (Dkt. 1 at 7.) He filed his petition on February 5, 2025.

Richards notified the court that he was released from incarceration on February 24, 2025. (Dkt. 5.) This petition must be dismissed as moot because of Richards' release. *See Alvarez v. Conley*, 145 F. Appx. 428, 429 (4th Cir. 2005).

"[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction . . . . [A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quotations and citations omitted). "[M]ootness has been described as the

doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Townes v. Jarvis*, 577 F.3d 543, 546 (4th Cir. 2009) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 22 (1997) (internal quotation marks omitted)).  Here, Richards has no legally cognizable interest in the outcome of this case.  Monetary relief cannot be awarded in a § 2241 proceeding.  *McKinney-Bey v. Hawk-Sawyer*, 69 F. Appx. 113, 113 (4th Cir. 2003).  Because Richards has already been released, the court could not now order that relief.  Because the alleged errors claimed by Richards cannot be redressed in this § 2241 proceeding, this action is moot unless an exception applies.

Exceptions to the mootness doctrine include when; (1) collateral consequences exist; or (2) the situation complained of is capable of repetition, yet likely to evade review.  *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986).  First, if petitioner can demonstrate that a collateral consequence in the form of "some concrete and continuing injury other than the now-ended incarceration" remains, the case is not moot.  *Spencer v. Kemna*, 523 U.S. 1, 8 (1998). Second, the "capable of repetition yet evading review" exception is satisfied when the challenged action is too brief in duration to be fully litigated before it ends or expires, and there is a reasonable expectation that the complaining party would be subjected to the same action again.  *Leonard*, 804 F.2d at 842.  Richards' petition sets forth no facts indicating any basis for applying either exception.

Accordingly, the petition is hereby **DISMISSED** as **MOOT**.  The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Richards.

**ENTERED** this 6th day of March 2025.

/s/ *Jasmine H. Yoon*
―――――――――――――――――――
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE